(110 App. Div. 437)

ROSE v. IMPERIAL ENGINE CO.

(Supreme Court, Appellate Division, Fourth Department. January 3, 1906.)

1. LIBEL—WHAT CONSTITUTES—CHARGE OF CRIME.

Where a servant, after leaving his employment, returned to the employer's place of business, and in the presence of several servants pried open the lock on a locker and removed his tools, and gave those belonging to the employer to another servant, a letter written by the employer to the servant's mother, charging him with burglary and larceny, was libelous.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 45–52.]

2. SAME—PRIVILEGE.

Defendant having written plaintiff's mother charging him with a crime, without making any investigation, when an investigation would have shown plaintiff's innocence, the letter was not privileged.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 134, 136.]

Appeal from Trial Term, Steuben County.

Action by Zatter W. Rose against the Imperial Engine Company. From an order entered in the office of the clerk of Steuben county on the 20th day of June, 1905, granting defendant's motion for a new trial and to set aside the verdict of a jury, made pursuant to section 999 of the Code of Civil Procedure, plaintiff appeals. Affirmed.

The action was commenced on the 20th day of August, 1904, to recover damages claimed to have been sustained by an alleged libelous

letter written by the defendant. After a trial a jury rendered a verdict in favor of the plaintiff for $1,000. Upon defendant's motion said verdict was set aside, and an order granted for a new trial, from which order this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Warren J. Cheney, for appellant.

Francis E. Wood, for respondent.

McLENNAN, P. J. The order setting aside the verdict and granting a new trial must be affirmed, because it does not appear from the order that it was not granted, upon the ground that the verdict of the jury was regarded as excessive, and, if granted upon such ground, we would not feel justified in interfering with the discretion of the trial court in that regard. Indeed the opinion of the court, which we may consider in connection with the order and other proceedings, in determining the grounds upon which the order was made, indicates that the learned trial judge did consider that such verdict was excessive. In view of the fact that a new trial must be had we deem it proper to discuss the principal question of law involved, which we consider was improperly decided upon the trial, to wit, was the letter written by the defendant, upon which plaintiff's cause of action is founded, privileged?

The evidence tended to show that the plaintiff, who was residing with his mother, and who, through her influence obtained employment with the defendant, was a machinist, was engaged as such at the time in question. He had certain tools of his own and others furnished to him by the defendant, which were kept in a locker provided for that purpose, to which the plaintiff had the key. The plaintiff left the employment of the defendant, which, so far as appears, he had the right to do at will, and after a day or two's absence returned to the defendant's mill for his tools. Not having his key with him he pried off the fastening of his locker, took his own tools, and gave those belonging to the defendant to another workman—all done in broad daylight, and with the knowledge of several of defendant's employés. Thereupon the defendant's secretary wrote the alleged libelous letter in question, addressed to the plaintiff's mother; in which he charged in substance that the plaintiff was guilty of the crimes of burglary and larceny, and in effect threatening that if the articles al'eged to have been stolen were not immediately returned "by express prepaid we shall have him arrested on the charge of burglary and theft. We shall also notify his present employers of his theft of these tools so that he will not have an opportunity of stealing likewise from them." The evidence tends to show that there was absolutely no legal ground for making the charges so made, and that the slightest investigation would have revealed the fact that they were wholly unfounded. But without making any investigation whatever the charges were made. Under the circumstances disclosed by the evidence, the letter was libelous, unless privileged. The learned trial court held that it was privileged because addressed to the mother, the father being dead. We think the court erred in so holding. It must be conceded that such a communication made to a young man's mother might be more harmful to him than any other which could

possibly be made. If believed it might render him not only homeless, but penniless. In the case of Byam v. Collins, 111 N. Y. 144, 19 N. E. 75, 2 L. R. A. 129, 7 Am. St. Rep. 726, it is clearly pointed out under what conditions and circumstances a communication of this character may be held as matter of law to be privileged. In that case, it is shown that the essential element to support the claim of privilege is good faith, and that good faith can only be established by proving that ordinary care and prudence were exercised by the person making the charges, to ascertain whether they were true or false.

In the case at bar, upon the evidence contained in the record, the jury would have been justified in finding that the defendant, through its agents or otherwise, made no effort to ascertain whether or not the charges were true or false. They were wholly false, as the slightest investigation would have disclosed.

For the reasons above indicated we conclude that the order appealed from should be affirmed, but without costs.

Order affirmed, without costs of this appeal in favor of either party. All concur; WILLIAMS and HISCOCK, JJ., in result only.